Dorelia Carmilina Nova PLEITEZ,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–76287.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

Robert G. Berke, Esq., Berke Law Offices, Los Angeles, CA, for Petitioner.

CAC-District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, David V. Bernal, Regina Byrd, Esq., U.S. Department of Justice, Washington, DC, Melvin Lublinski, U.S. Department of Justice, New York, NY, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Dorelia Carmilina Nova Pleitez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's order denying her motion to reopen her deportation proceedings conducted in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion, *Singh v. INS*, 213 F.3d

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1050, 1052 (9th Cir.2000), and we deny in part and grant in part the petition for review, and remand for further proceedings.

The BIA correctly concluded that petitioner received sufficient notice of her hearing because it is undisputed that she was personally served with an Order to Show Cause ("OSC") that contained notice of her hearing and was written in both English and Spanish. Contrary to petitioner's contention, there was no statutory requirement that the OSC be orally translated. *See* 8 U.S.C. 1252b(a)(3) (repealed 1996). Accordingly, the BIA did not abuse its discretion in refusing to rescind petitioner's deportation order.

Relying on the BIA's decision *In re M–S–*, 22 I. & N. Dec. 349 (BIA 1998) (en banc), petitioner contends that even if her deportation order is not rescinded, her motion to reopen should nevertheless be granted to address her eligibility for adjustment of status. *Id.* at 353–55. (distinguishing motions to reopen for purposes of rescinding an in absentia deportation order from motions to reopen to apply for adjustment of status). As the BIA's decision does not address petitioner's motion to reopen insofar as she seeks to apply for adjustment of status, we remand for further proceedings. *See Yepes–Prado v. INS,* 10 F.3d 1363, 1370 (9th Cir.1993) ("BIA acts arbitrarily when it disregards its own precedents and policies without giving a reasonable explanation for doing so").

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED**